EDWARD D. TOTINO (Bar No. 169237)
Email: edward.totino@dlapiper.com
NICK S. PUJJI (Bar No. 259571)
Email: nick.pujji@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Tel: 310.595.3000
Fax: 310.595.3300

*Attorneys for Plaintiff Receiver Robert P. Mosier*

FILED
CLERK, U.S. DISTRICT COURT
SEP 27 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. MOSIER, Receiver for PRIVATE EQUITY MANAGEMENT GROUP, LLC and PRIVATE EQUITY MANAGEMENT GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ERWIN & JOHNSON, LLP; CHRISTOPHER RONALD ERWIN; RICHARD BURTON JOHNSON; and DOES 1-5, inclusive, <br><br> Defendants. | Case No. 8:12-cv-02053-PSG-E <br><br> **[DISCOVERY MATTER]** <br><br> **PROTECTIVE ORDER PURSUANT TO STIPULATION** <br><br> *[Filed concurrently with Proposed Stipulated Protective Order]* <br><br> Date:  [No hearing] <br> Time:  [No hearing] <br> Ctrm:  20 – 3rd Floor <br> Judge: Hon. Charles F. Eick |

DLA PIPER LLP (US)
LOS ANGELES

PROTECTIVE ORDER

EAST\59862606.1

# PROTECTIVE ORDER

Consistent with the Stipulation between Plaintiff Receiver Robert P. Mosier ("Plaintiff" or the "Receiver"), the Court-appointed permanent receiver for Private Equity Management Group, LLC, Private Equity Management Group, Inc., and subsidiaries and affiliates thereof (collectively, "PEMGroup") and Defendants Erwin & Johnson, LLP; Christopher Ronald Erwin; and Richard Burton Johnson (collectively "Defendants") (collectively, the "Parties" and each individually, a "Party"), and in order to protect the confidentiality of confidential information obtained by the parties in connection with the above-captioned action, the Court hereby orders:

1. **Proceedings and Information Governed**. This Protective Order ("Protective Order") shall govern any document, information or other thing produced or otherwise furnished between the Parties to this Stipulation, which contains confidential information. The information protected may include, but is not limited to, responses to third-party subpoenas for documents, responses to requests to produce documents or other things (including any documents produced in connection therewith), responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof in this action, or related actions.

2. **Designation of Information for Protection Under This Protective Order.**

    (a)   Any such information produced in this action that is reasonably believed by the producing party to be proprietary or confidential may be designated as "CONFIDENTIAL." The appropriate designation may be made by stamping or otherwise marking the document or other source of information "CONFIDENTIAL" prior to, at the time of, or within a reasonable time after production.

     (b)    Information may be designated as **"CONFIDENTIAL"** only if the producing party reasonably believes that the material contains (i) trade secrets or proprietary information, (ii) non-public financial data, (iii) medical information; family information; addresses or other contact or family information; employment information or financial information of any individual whose information is contained in any Party's material or (iv) other data not in the public domain.

     (c)    If any Party disagrees with the producing party's designation of particular information as **"CONFIDENTIAL"** that Party may, after meeting and conferring with counsel for the other Party, challenge such designation by filing a motion with the Court which does not disclose the information designated as "confidential" in the public record.

3.    **Disclosure of Confidential Information.**  Information marked **"CONFIDENTIAL"** may be disclosed by the receiving Party to the following recipients only:

     (a)    The litigation attorneys of record in this action, or any related action, and any outside litigation attorneys retained by any of the Parties or their counsel in this action to consult on the litigation, and their respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide litigation support services in this action, and any related action, and the employees of said organizations;

     (b)    The Parties and their officers, directors, employees, insurers, and investors;

     (c)    Independent experts and consultants retained in this action, and any related action, by the attorneys of record, and the employees of such experts and consultants who are assisting them;

     (d)    Any judges or referees of the Court to whom this action, or any related action, is assigned and their staff, and any jurors before whom those actions are tried; and

  (e) Witnesses, including but not limited to, deponents.

 4. **Non-Disclosure Agreement.** Each person referred to in paragraph 3 (a)-(e), except clerical and stenographic personnel, to whom confidential information is to be given, shown, disclosed, made available or communicated in any way, shall execute a confidentiality agreement in the form of Exhibit "A." Counsel for the Party who intends to disclose confidential information to any person referred to in paragraphs 3(a)-(e) shall be responsible for obtaining an executed confidentiality agreement from each individual to whom the confidential information will be disclosed. The agreement shall be executed before any disclosure of confidential information occurs.

 5. **Use.** Confidential information shall be used by the Parties to whom it is disclosed solely for the purpose of the evaluation of the Receivership estate or the prosecution, defense, or settlement of this action, or any related actions, and for no other purpose. Confidential information shall not be used by such Parties for any business or other purpose. No Party who is furnished confidential information shall disclose it to any person not entitled under this Protective Order to receive it.

 6. **Court Procedures.** Pleadings which contain or annex confidential information shall be filed under seal and cite to this Protective Order.

 7. **Party's Own Information.** The restrictions on the use of confidential information established by this Protective Order are applicable only to the use by a Party of confidential information received from other Parties to this Stipulation. A Party is free to do whatever it desires with its own documents.

 8. **Disclosure of Author or Addressee.** Nothing herein shall prohibit a Party, or its counsel, from disclosing a document which is confidential information to the person who is, from the face of the document, the author, a copy recipient or addressee of such document.

 9. **Return of Information.** Within 90 (ninety) days of the conclusion of this case, or any related cases, whether by settlement or judgment and after all

appeals have been exhausted, all Parties shall either return all confidential documents under this agreement to the Party producing such documents or take reasonable steps to destroy all such documents and provide the producing Party with a declaration stating that such steps have been taken.

10. **Effective Date.** Upon the signing of this Stipulation and Protective Order by the Court, this Protective Order shall be effective against each Party as of the date of the signature of that Party, its signator, or their respective representatives. The Parties agree to abide by the terms of this Protective Order prior to its approval by the Court and whether or not it is ultimately approved by the Court.

11. **Modifications.** Nothing herein shall prevent any Party from seeking entry of an order, upon an appropriate showing, either modifying the terms of this Protective Order in any respect, or vacating this Protective Order entirely.

12. **Survival.** The terms of this Protective Order shall survive and remain in full force and effect after the termination of the above-entitled action, or any related actions.

13. **Counterparts.** This Protective Order may be executed by the Parties hereto on separate copies, each of which shall be submitted with the original to the Court for its approval.

14. **Inadvertent Production Of Privileged Or Otherwise Protected Material.** When a Party gives notice to any other Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the other Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the

parties may incorporate their agreement in the stipulated protective order submitted to the court.

**IT IS SO ORDERED.**

Dated: 9/27/13

_____
HONORABLE CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. MOSIER, Receiver for PRIVATE EQUITY MANAGEMENT GROUP, LLC and PRIVATE EQUITY MANAGEMENT GROUP, INC., <br><br>Plaintiff,<br><br>v.<br><br>ERWIN & JOHNSON, LLP; CHRISTOPHER RONALD ERWIN; RICHARD BURTON JOHNSON; and DOES 1-5, inclusive,<br><br>Defendants. | Case No. 8:12-cv-02053-PSG-E |

## DECLARATION AND UNDERTAKING

I hereby acknowledge that I will be receiving Confidential Information pursuant to the terms of the Stipulated Protective Order entered in the above-referenced Action. I have been given a copy of and have read and understand the Stipulated Protective Order, and I agree to be bound by the terms and conditions of the Stipulated Protective Order with respect to the Confidential Information I will be receiving. I agree that I will not make copies of any Confidential Information, and I will not disseminate or publicize any document, transcript or information, or any information derived from or contained in such Confidential Information.

I further understand that the Court has ordered that the documents marked "Confidential" must be kept confidential. Violation of the Court's Order can be punished by contempt of court, which can include monetary fines or even jail. If

you have any questions regarding the Court's Order or this notice, you are advised to consult with legal counsel.

Executed this ___ day of _____, 2012.

_____
Signature

_____
Printed Name
On Behalf of Firm Name if Applicable